### ALMON CARSON *versus* JOHN WALTON.

In an action on a mortgage, where the notes thereby secured include usurious interest, the defendant *on default* is not entitled to costs, notwithstanding on such default, the amount of the conditional judgment is reduced by proof of such usury.

The Statute of 1862, c. 136, § 2, giving costs to a defendant upon proof of usurious interest under the general *issue* does not apply to real actions.

The R. S., c. 82, § 21, relating to offers to be defaulted applies to actions founded on judgments or contracts.

ON EXCEPTIONS to the rulings of RICE, J.

WRIT OF ENTRY as on a mortgage. The defendant claimed that usurious interest was included in the demandant's claim. The case is stated in the opinion.

*E. Kempton, jr.*, for defendant, in support of exceptions.

*G. C. Vose*, for plaintiff, *contra*.

The opinion of the Court was drawn up by

APPLETON, C. J.—It appears in evidence that John Walton, being indebted to the Granite Bank, on 12th April, 1858, made a conveyance of the demanded premises to the bank to secure such indebtedness; that the demandant, on 25th Oct. 1859, advanced the amount due, taking the title from the bank, and giving to said Walton a bond of the same date, in which he agreed to convey to him (Walton) the same premises upon receiving, within a stipulated time, the amount advanced, and a further sum by way of usurious interest.

Inasmuch as the deed was from the bank to the demandant, and the bond was from the latter to Walton, it might well be doubted whether the demandant is to be deemed the mortgagee of Walton. *Treat* v. *Strickland*, 23 Maine, 234. But, as the parties have agreed that a conditional judgment as of mortgage may be rendered, we are relieved from the consideration of this question.

The defendant offered to be defaulted for the amount he

Carson *v.* Walton.

admitted due, which offer the demandant rejected. Subsequently a default was entered, with the agreement that judgment was to be rendered as on mortgage, and that the presiding Judge should determine the amount due the demandant as mortgagee, and any questions arising as to costs.

The amount found due was less than the plaintiff's original claim, inclusive of usurious interest. The presiding Judge gave costs to the demandant, and denied them to the tenant.

The tenant claims costs, and resists their allowance to the demandant.

The tenant is not entitled to costs within the Act approved March 19, 1862, c. 136, § 2, by which, when usurious interest has been taken, the "party may under the general issue prove such excessive interest, the defendant giving notice of such defence in his specifications of defence." No evidence was offered under the general issue. The Act in question does not embrace real actions. By its express terms, it applies only to suits on contracts.

Nor is there any valid objection to the allowance of costs to the demandant. This is a writ of entry and not an action founded on "*judgment or contract*" within R. S., 1858, c. 82, § 21. If it were, by voluntarily submitting to a default, the tenant, it would seem, has lost all the benefits to be derived from his offer. Nor is the case, as has been seen, within the Act of 1862, c. 136.

*Exceptions overruled.*

Rice, Davis, Kent, Walton and Dickerson, JJ., concurred.